UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-568-BO-RJ

| | |
|---|---|
| CARY KEISLER, INC., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| PENN NATIONAL SECURITY INSURANCE COMPANY, | ) |
| Defendant. | ) |

This cause comes before the Court on plaintiff's motion [DE 12] for judgment on the pleadings. Defendant filed a cross-motion [DE 15] for judgment on the pleadings. In this posture, the matter is ripe for adjudication.

## BACKGROUND

Penn National Security Insurance Company insured Cary Keisler's property in Jacksonville, North Carolina. Keisler leased that property to a tenant who used it to operate a Smithfield's Chicken 'N Bar-B-Q franchise. In February of 2022, Keisler terminated the lease and provided notice to vacate the property. [DE 1-4 ¶ 8]. The tenant vacated the property but stole Keisler's restaurant equipment. The tenant admitted to removing the equipment.[1]

Keisler submitted a claim to Penn Insurance for the value of that restaurant equipment. Penn Insurance concedes that it insured the property during the relevant period and that the restaurant equipment was stolen. However, Penn Insurance contends that the agreement does not cover tenant theft.

---

[1] Police spoke to the tenant, who claimed to own the equipment. Both parties seem to agree that the equipment was stolen, so this order assumes without deciding that the tenant stole the equipment.

The basic policy does not cover claims resulting from "theft by any person to whom you entrust the property for any purposes." [DE 6-1 at 141]. The parties refer to that clause as the "Entrustment Exclusion." Keisler supplemented the basic policy with Additional Coverage that covered losses resulting directly from a theft committed by an "employee." [DE 6-1 at 95]. Crucially, when a claim is brought "[w]ith respect to this Additional Coverage," the Entrustment Exclusion is "deleted and replaced" with a new exclusion. [DE 6-1 at D.1. (pg. 96)]. The new exclusion does not contain a comparable Entrustment Exclusion.

Keisler filed a claim with Penn Insurance for the theft of the kitchen equipment. Citing the Entrustment Exclusion, Penn Insurance denied Keisler's claim. Keisler brought this suit seeking a declaratory judgment that the policy covers the loss of his kitchen equipment.

## DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. *Crowe v. Allstate Ins. Co.*, 3:20-cv-212-MOC-DSC, 2020 WL 6385622, *2 (W.D.N.C. Oct. 30, 2020). In resolving a motion for judgment on the pleadings, this Court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the Court may take judicial notice. *Id.* (citation omitted). Where an insurance policy is "integral to and explicitly relied upon in the complaint," the policy itself should be considered along with the factual allegations of the complaint and answer. *Id.* (citation omitted). A motion under Rule 12(c) has been used appropriately for resolving declaratory judgment actions involving the construction of insurance policies. *Id.* (*citing Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 406 (4th Cir. 1998).

2

"The interpretation of language used in an insurance policy is a question of law, governed by well-established rules of construction." *N.C. Farm Bureau Mut. Ins. v. Mizell*, 138 N.C. App. 530, 532 (2000).

The Entrustment Exclusion supplies the foundational rule that the policy does not cover "theft by any person to whom you entrust the property for any purposes." [DE 6-1 at 141]. The tenant committed the theft. By leasing the property to the tenant, Keisler "entrusted" the property to the tenant. Therefore, Entrustment Exclusion – if it applies – bars Keisler's claim.

Keisler argues that the "Additional Coverage" provides an exception to the Entrustment Exclusion. The Additional Coverage states that "[w]ith respect to this Additional Coverage Exclusion B.2.h. [the Entrustment Exclusion] is deleted and replaced by" new language that does not contain an Entrustment Exclusion. Thus, a claim brought with respect to the Additional Coverage is not barred by the Entrustment Exclusion. But when a claim is *not* brought "[w]ith respect to" the Additional Coverage, the Entrustment Exclusion snaps back into place. Applied here, if Keisler's claim is not covered by the Additional Coverage, the Entrustment Exclusion would defeat the claim.

So the pivotal issue is whether the Additional Coverage covers Keisler's claim. Keisler argues that tenant theft falls within the provision of the Additional Coverage that covers "employee theft." But tenants are not employees. The agreement does not define "tenants," but it does define six types of "employees," none of which could be considered a tenant. [DE 6-1 at 103-104]. Moreover, the policy was modified "to distinguish between those who have a role in the insured's business (partners, managers, employees, etc.) and others to whom property may be entrusted (a category that includes tenants and bailees, for example)." [DE 17-3 at 2]. In other words, an employee's defining quality is having a role in the insured's business. And a tenant's defining

quality is being entrusted with the insured's property. Since the agreement clearly distinguished tenants from employees, tenant theft is not covered by a provision covering employee theft.

For that reason, Keisler's claim does not fall within the Additional Coverage, which means the Entrustment Exclusion bars the claim.

## CONCLUSION

For the foregoing reasons, defendant's cross-motion [DE 15] for judgment on the pleadings is GRANTED, and plaintiff's motion [DE 12] for judgment on the pleadings is DENIED. The Clerk is DIRECTED to close the case.

SO ORDERED, this ___9___ day of June, 2023.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE